UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL AZZARA,                     :   CIVIL ACTION NO. 3:CV-11-1737
                                 :
            Plaintiff            :   (Judge Nealon)
                                 :
    v.                           :
                                 :
FRANK STRODA,                    :
                                 :
            Defendant            :

**FILED
SCRANTON**

APR 1 1 2014

PER _____

DEPUTY CLERK

## MEMORANDUM

## I.   Background

On September 19, 2011, Paul Azzara, an inmate formerly confined in the

Canaan United States Penitentiary ("USP-Canaan"), Waymart, Pennsylvania,[1] filed

the above captioned Bivens[2] action.  Named as Defendants are D. Ebbert, Warden;

F. Strada, Warden; R. Martinez, Warden; A. Nicklin, Associate Warden; D B

Kranzel, Associate Warden; C. Maiorana, Warden; D. Sauers, Associate Warden; E.

Bradley Associate Warden; K. Gabrielson, Captain; C. Bergen, Captain; B. Feitman,

Captain; W. Haas, Lieutenant; B. Stahl, Lieutenant; J. Lyons Lieutenant; R.

Womeldorf, Lieutenant; B. Sheets, Lieutenant; T. Matthews, Lieutenant; K.

---

[1]Plaintiff is currently housed in the United States Penitentiary, Coleman,
Florida.

[2]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403
U.S. 388, 397 (1971).

Bittenbender, DHO; D. Brown, Correctional Officer; J. Norwood, Northeast Regional Director; S. Dodrill, Assistant Director, (Retired); H. Lappin, Director (Retired); Frederick E. Martin; Peter J. Smith; C. Patrick Austin; and Unknown Defendants.  (Doc. 1, Complaint at 4-9).

Azzara alleges that he has a constitutional right to association with family which is being interfered with via disciplinary sanctions which include suspension of visiting, phone, and e-mail privileges.  Id. at 5-11.  He further alleges conspiracy and retaliation for exercising his rights.  Id.

Presently pending is Defendants' motion to dismiss or, in the alternative, for summary judgment, in which Defendants argue, inter alia, that Azzara has failed to exhaust available administrative remedies.  (Doc. 40).  For the reasons outlined below, Defendants' motion for summary judgment will be granted.

## II.  **Standards of Review**

### A.  **Motion to Dismiss**

Defendants' motion to dismiss is based upon a contention that Plaintiff has failed to exhaust administrative remedies.  In rendering a decision on a motion to dismiss, the Court must accept the plaintiff's allegations as true.  White v. Napoleon,

897 F.2d 103, 106 (3d Cir. 1990).  As Defendants' motion relies upon supplemental documentation attached to the motion, the motion to dismiss will be denied.

### B.  Summary Judgment

Defendants also move for summary judgment, again based upon a contention that Plaintiff has failed to exhaust his administrative remedies.  The Court agrees. Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.  Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 257; Brenner

-3-

v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d
1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court
must view the facts and all reasonable inferences in favor of the nonmoving party.
Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail
Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric
Company, 862 F.2d 56, 59 (3d Cir. 1988).  In order to avoid summary judgment,
however, parties may not rely on unsubstantiated allegations.  Parties seeking to
establish that a fact is or is not genuinely disputed must support such an assertion by
"citing to particular parts of materials in the record," by showing that an adverse
party's factual assertion lacks support from cited materials, or demonstrating that a
factual assertion is unsupportable by admissible evidence.  FED. R. CIV. P. 56(c)(1);
see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions
made in response to summary judgment).  The party opposing the motion "must do
more than simply show that there is some metaphysical doubt as to the material
facts."  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).
Parties must produce evidence to show the existence of every element essential to its
case that they bear the burden of proving at trial, for "a complete failure of proof
concerning an essential element of the nonmoving party's case necessarily renders

-4-

all other facts immaterial." Celotex, 477 U .S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. FED. R. CIV. P. 56(e).

### III. Statement of Facts

Azzara is currently serving a 172-month aggregate term of imprisonment for mailing threatening communication and for other charges, with a projected release date of July 31, 2016. See (Doc. 41-1, Att. A, Public Information Inmate Data). Azzara was assigned to USP-Canaan from March 8, 2012, until his transfer to USP-Coleman in June, 2013. (Doc. 41-1, Att. B, Inmate History). Plaintiff's complaint encompasses alleged violations of his constitutional rights on the following dates: June 25, 2009, September 10, 2009, June 3, 2010, June 17, 2010, February 25, 2011, August 8, 2011, and September 1, 2011. (Doc. 1, Complaint at 16-17). Specifically, Plaintiff alleges that on June 25, 2009, Defendants Womeldorf, Bradley, Haas, Gabrielson, Ebbert, and others, the identity of whom are unknown to Plaintiff, "wantonly and maliciously assaulted Azzara, participated in this assault upon Azzara and /or failed to interject and prevent the assault upon Azzara", which "did

cause more than de minimis physical injuries, including, but not limited to, Azzara's right wrist and neck area, and was the object of the conspiracy to punish Azzara, in violation of the Constitution and laws of the United States." Id.

Regarding September 10, 2009, Plaintiff alleges that Defendants Stahl and Brown confiscated legal documents and destroyed them, thereby preventing access to courts; prevented him from drafting and filing a meritorious motion; prevented access to the law library; and prevented him from using the administrative remedy process. Id. at 18-21.

Azzara claims that on June 3, 2010, Defendants Ebbert, Nicklin, Kranzel, Maiorana, Sauers, Stahl, Bradley, Womeldorf, and Gabrielson directly assaulted him and/or failed to protect him from being assaulted. Id. at 21-23.

Plaintiff alleges that on June 17, 2010, Defendants Ebbert, Nicklin, Kranzel, Maiorana, Sauers, Stahl, Bradley, Womeldorf, and Gabrielson directly assaulted him, participated in the assault, or caused it to occur and /or failed to protect causing injury to his wrists, ankles, and neck area. Id. at 24-26.

Plaintiff contends that on February 25, 2011, Defendant Haas assaulted him causing injury to his back, neck and shoulder area. Id. at 27-30.

As to the events of March 3, 2011, Azzara claims that Defendants Ebbert, Nicklin, Kranzel, Maiorana, Sauers, Bradley, Bergan, Haas, Gabrielson, Stahl,

Lyons, Womeldorf, Bittenbender, Brown, Norwood, Dodrill, Lappin, Martin, Smith and Austin vindictively, selectively, and maliciously prosecuted him "in retaliation for the first attempted, but failed, prosecution, and for Plaintiff exercising his constitutionally protected guarantee to file grievances against Defendants, and seeking redress of those grievances." Id. at 30-32.

He claims that on August 18, 2011, Defendants Ebbert, Strada, Martinez, Nicklin, Kranzel, Maiorana, Sauers, Bradley, Bergan, Feltman, Haas, Gabrielson, Stahl, Lyons, Womeldorf, Sheets, Bittenbender, Brown, Norwood, and Lappin allegedly retaliated and punished him "for both failed prosecutions", as well as assaulted him, causing physical injury. Id. at 32-34.

Plaintiff alleges that on September 1, 2011, Defendants Ebbert, Strada, Martinez, Nicklin, Kranzel, Maiorana, Sauers, Bradley, Bergan, Feltman, Haas, Gabrielson, Stahl, Lyons, Womeldorf, Sheets, Matthews, Bittenbender, Brown, Norwood, and Lappin conspired to retaliate against him for exercising constitutionally protected conduct and that they assaulted or caused him to be assaulted. Id. at 34-36. For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Id.

On March 9, 2012, a search of Plaintiff's records was conducted to determine whether Azzara had exhausted available administrative remedies regarding the

issues raised in the Complaint.  See (Doc. 41-3, Ex. I, Administrative Remedy

Generalized Retrieval).  Azzara's administrative remedy history is very voluminous.

Id.  Therefore, the parameters were narrowed to those administrative remedies filed

at the national level.  Id.  Although Azzara filed fifty-two (52) administrative

remedies at the national level, the record reveals that he did not exhaust any of the

issues raised in the instant complaint.  Id.


## IV.    Discussion

Defendants contend that Azzara's complaint should be dismissed for his

failure to exhaust available administrative remedies.  In pertinent part, the Prison

Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of

administrative remedies is required for all actions concerning prison conditions

brought under federal law.  See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S.

81 (2006).  The "exhaustion requirement applies to all inmate suits about prison life,

-8-

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 92. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Bureau of Prisons (BOP). The BOP has an administrative remedy procedure with respect to inmate complaints, namely 28 C.F.R. § 542.10. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. See 28 C.F.R. § 542.10(a). If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy

-9-

Program, the BOP will refer the inmate to the appropriate statutorily-mandated procedures. See id. § 542.10(c). Inmates are to informally present their complaints to the staff and staff are to attempt to resolve the matter. See id. § 542.13(a). If the informal resolution is unsuccessful, the inmate is then to execute the appropriate form to bring the matter to the attention of the warden. See id. The warden then responds to the inmate's complaint within 20 calendar days. See id. § 542.18.

If an inmate is dissatisfied with the warden's response, he may appeal to the Regional Director within 20 calendar days. See id. § 542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office within 30 calendar days, which office is the final administrative appeal in the BOP. See id. An exception is made for appeals of Discipline Hearing Officer (DHO) decisions, which are first raised directly to the regional office level and then to the central office level. See id. § 542.14(d)(2). No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office. See id. § 542.

The record in the instant case reveals that Azzara failed to exhaust administrative remedies as to any of the issues raised within the instant complaint. To the extent that he argues in his brief in opposition that "defendants actively prevented him from pursuing his administrative remedies", Plaintiff offers no

evidence to support his assertion that BOP officials interfered with his ability to file administrative remedies.  See (Doc. 37, Brief in Opposition).  In an attempt to overcome Defendants' argument, Plaintiff states that "only through discovery and interrogatories will [he] be able to sufficiently support his claim."  Id.  Although the record in this case is well over two-years old, there is no indication that Plaintiff attempted to engage in any type of discovery.  Moreover, the Court finds the need for discovery suspect, since Plaintiff, himself, would have in his possession that information, specifically, copies of proposed administrative remedies, the filing of which were thwarted by Defendants, which would demonstrate interference.  As such, Azzara has not supported his assertion that BOP officials interfered with his ability to file a grievance.  Azzara's  opposition to Defendants' affirmative defense that he did not exhaust his administrative remedies prior to initiating this action cannot overcome the evidence of record.

Thus, Defendants' motion for summary judgment, based on Azzara's failure to exhaust his available administrative remedies before filing his complaint, will be granted.  See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).  Given the evidence before it and the strict requirements of the PLRA, the Court must dismiss Azzara's claim without prejudice for failure to exhaust his administrative remedies under the PLRA. See Ahmed v. Sromovski, 103 F.Supp.2d 838, 844 (E.D. Pa. 2000)

(stating that "[d]ismissal of a plaintiff's complaint without prejudice is appropriate when an plaintiff-inmate has failed to exhaust his available administrative remedies before bringing an action under § 1983.").

A separate Order will be issued.


Dated: April 11, 2014                                                        _____
                                                                                         **United States District Judge**